IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BASKIN-ROBBINS FRANCHISING, LLC )
)
Plaintiff, )
)
v. )
) Civil Action No. 1:14-cv-1657
NAHEN ALI, ) LMB/TRJ
SERVE:   Nahen Ali )
          Baskin-Robbins Store )
          6432 Brandon Avenue )
          Springfield, VA  22150-2513 )
)
Defendant. )

## COMPLAINT

Plaintiff, Baskin-Robbins Franchising, LLC ("Baskin-Robbins"), by counsel, for its Complaint against defendant, Nahen Ali ("Ali"), says as follows:

### PARTIES, JURISDICTION AND VENUE

1. Baskin-Robbins is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. Baskin-Robbins owns and licenses to franchisees certain trademarks, service marks, trade dress and a proprietary business system for operation of Baskin-Robbins ice cream shops worldwide.

2. Ali is an individual residing in the Northern Virginia area and who operates a Baskin-Robbins franchised business at 6432 Brandon Avenue in Springfield, Virginia.

3. This dispute arises under the Lanham Act, 15 U.S.C. Section 1051, et seq. Accordingly, jurisdiction of the Court over this action is conferred by 28 U.S.C. § 1331 and § 1338.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because this action is not founded solely on diversity of citizenship; the Defendant resides in this district; a substantial part of the events or omissions giving rise to the claims recited herein occurred in this district; and the property that is the subject of this action – the Baskin-Robbins store – is situated in this district.

## THE BASKIN-ROBBINS TRADEMARKS AND PROPRIETARY SYSTEM

5. As the result of an expenditure of time, skill, effort and money, Baskin-Robbins has developed and owns a distinctive system ("the System") relating to the establishment and operation of food service establishments and other techniques for the distribution of Baskin-Robbins ice cream and other products and services. Distinguishing characteristics of the System include, without limitation, distinctive exterior and interior design, décor, color scheme and furnishings; special menu items; standards, specifications and procedures for operations; quality of products and services offered; procedures for inventory and management control; training and assistance; and advertising and promotional programs.

6. Baskin-Robbins has developed, used and controlled, and continues to develop, use and control, certain trademarks, service marks, logos, emblems, and other indicia of origin to identify the System and Baskin-Robbins ice cream and other products (hereinafter "the Marks"). The Marks identify for the public the source of Baskin-Robbins products and services and represent to the public the System's high standards of quality, appearance and service.

7. The Marks include federally registered trademarks owned by Baskin-Robbins.

8. Baskin-Robbins grants franchises to third parties for operation of Baskin-Robbins stores under the Marks and using the System.

## AGREEMENT WITH ALI FOR
## OPERATION OF A BASKIN-ROBBINS STORE

9. On August 22, 2006, Baskin-Robbins, as franchisor, and Ali, as franchisee, executed a Franchise Agreement ("Franchise Agreement") whereby Ali was granted the right to operate a Baskin-Robbins store at 6432 Brandon Avenue, Springfield, Virginia (hereinafter the "Baskin-Robbins Store"). In exchange for the right to use the Marks and the System at the Baskin-Robbins Store, Ali agreed, among other things (a) to report his gross sales to Baskin-Robbins each week; (b) to pay Baskin-Robbins a fixed percentage of gross sales as a continuing franchise fee; (c) to pay Baskin-Robbins a fixed percentage of gross sales as a continuing advertising fee; and (d) to pay all other fees and charges associated with store operation. A copy of the Franchise Agreement is attached as Exhibit A.

## DEFAULT AND TERMINATION OF FRANCHISE AGREEMENT

10. Beginning in September 2014, Ali defaulted on his financial obligations to Baskin-Robbins under the Franchise Agreement.

11. Ali has failed to report gross sales and he has failed to pay Baskin-Robbins continuing franchise fees, continuing advertising fees, interest on past due sums, attorney's fees and other fees and costs due under the Franchise Agreement.

12. Pursuant to Section 9 of the Franchise Agreement, on October 16, 2014, Baskin-Robbins gave notice to Ali of his defaults under the Franchise Agreement and his obligation to cure those defaults within fifteen days after delivery of the Notice. A copy of the October 16, 2014 Notice to Cure is attached as Exhibit B.

13. Following delivery of the notice to him on October 17, 2014, Ali failed to cure his defaults within the requisite cure period.

14. Therefore, by letter dated November 13, 2014 and delivered to Ali on November

14, 2014, Baskin-Robbins reasonably and validly terminated the Franchise Agreement in accordance with Section 9. Termination was effective upon receipt of the notice. A copy of the November 13, 2014 Notice of Termination is attached as Exhibit C.

15. In Section 9 of the General Terms and Conditions of the Franchise Agreement, Ali agreed to do several things upon termination of the Franchise Agreement:

(a) promptly pay [Baskin-Robbins,] all sums owing or accrued from [Ali] to [Baskin-Robbins] . . . including interest and any damages, costs and expenses, including reasonable attorney's fees, incurred by [Baskin-Robbins] by reason of default on the part of [Ali]; and

(b) immediately cease to operate the [Baskin-Robbins Store] and shall not thereafter, directly or indirectly, represent to the public or hold himself out as a present or former FRANCHISEE of [Baskin-Robbins]; and

(c) immediately and permanently cease to use, by advertising or in any other manner whatsoever, any feature or method associated with the System, any or all of the Proprietary Marks and any other trade secrets, confidential information, operating manuals, slogans, trade dress, signs, symbols or devices which are part of [Baskin-Robbins's] System or are otherwise used in connection with the operation of the [Baskin-Robbins Store]; and

(d) immediately return to [Baskin-Robbins] all operating manuals, plans, specifications, and other materials in [Ali's] possession containing information prepared by [Baskin-Robbins] and relative to the operation of the [Baskin-Robbins Shop], and all copies thereof (all of which are acknowledged to be [Dunkin' Donut's] property), and shall retain no copy or record of any of the foregoing, except [Ali's] copy of this Agreement, any correspondence between the parties, and any other documents which [Ali] reasonably needs for compliance with any provision of law; and

(e) remove from the Premises and from any equipment, signs, trade fixtures, furnishings and other personal property and return to [Baskin-Robbins] all of the Proprietary Marks or other indicia of [Baskin-Robbins], and shall disconnect, withdraw and/or terminate, within five (5) days after termination or expiration of this Agreement, any telephone listings and/or fictitious name registration containing any part of the Proprietary Marks. [Ali] hereby appoints [Baskin-Robbins] as its attorney-in-fact, in the name of [Ali], to do any act necessary to effect the intent of this paragraph.

16. Ali failed to comply with his post-termination obligations under the Franchise Agreement as follows:

    (a) he failed to pay Baskin-Robbins sums due, plus interest on such sums and attorney's fees and costs incurred to date;

    (b) he continued, and still continues, to operate the Baskin-Robbins Store under the System and to use and display the Marks;

    (c) he failed to return to Baskin-Robbins operating manuals and other materials pertaining to store operation; and

    (d) he has failed to de-identify and close the Baskin-Robbins Store.

17. As a result of the defaults of Ali under the Franchise Agreement, Baskin-Robbins has found it necessary to employ counsel to enforce its rights and remedies. Under the Franchise Agreement, Ali is liable for all reasonable attorney's fees and costs incurred and to be incurred by Baskin-Robbins herein.

## COUNT I
### (Trademark Infringement)

18. Baskin-Robbins incorporates here paragraphs 1 - 17 above.

19. Much of Baskin-Robbins's income is derived from the operation of Baskin-Robbins Stores by franchisees using the Baskin-Robbins System and using and displaying the Baskin-Robbins Marks.

20. Since lawful termination of the Franchise Agreement, Ali has used and displayed the Baskin-Robbins Marks without the consent, permission, or authority of Baskin-Robbins. Indeed, such use and display has been contrary to the express objection of Baskin-Robbins. Ali is obligated to de-identify, at his expense, the Baskin-Robbins Store by removing all Baskin-Robbins Marks.

21. In the Franchise Agreement, Ali agreed that following termination of the Franchise Agreement by Baskin-Robbins

> ... any such unauthorized use or continued use after the termination of this Agreement shall constitute irreparable harm. Continued use by FRANCHISEE of FRANCHISOR'S trademarks, trade names, Proprietary Marks, and service marks after termination of this Agreement shall constitute willful trademark infringement by FRANCHISEE.

22. Ali is intentionally using and displaying the Baskin-Robbins Marks, with the knowledge that such use unlawful use and display infringes upon the proprietary Baskin-Robbins Marks. Moreover, Ali is not paying Baskin-Robbins for such use.

23. The unlawful activity of Ali results in irreparable harm and injury to Baskin-Robbins in that, among other things, it deprives Baskin-Robbins of its absolute right to determine the manner in which its Marks are presented to the public; deceives and confuses the public as to the authorized sponsorship of the Baskin-Robbins Store; wrongfully trades upon Baskin-Robbins' reputation, commercial value, and exclusive right in its Marks; and irreparably harms and injures the reputation of Baskin-Robbins for providing high quality goods and services.

24. The unauthorized and uncontrolled use of the Marks of Baskin-Robbins by Ali violates the rights of Baskin-Robbins under 15 U.S.C. § 1114 and § 1125, and such use has damaged, and will continue to damage, Baskin-Robbins and its valuable Marks, causing irreparable harm for which there is no adequate remedy at law, and has injured the unsuspecting public. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

25. Baskin-Robbins has no adequate remedy at law, and if the unauthorized and uncontrolled acts of Ali are not enjoined, Baskin-Robbins will continue to suffer further irreparable harm to its Marks, goodwill, and business reputation as a result thereof.

## COUNT II
### (Breach of the Franchise Agreement)

26. Baskin-Robbins incorporates here paragraphs 1 - 17 above.

27. Ali has breached the Franchise Agreement by failing to report gross sales at the Baskin-Robbins Store and pay Baskin-Robbins sums due thereunder, including interest, as well as attorney's fees and costs incurred by Baskin-Robbins herein.

WHEREFORE, Baskin-Robbins requests the following relief against Ali:

(a) the entry of preliminary and permanent injunctions against Ali, as well as his agents, servants and employees, prohibiting them from directly, indirectly or in any manner whatsoever, using, infringing or diluting the trademarks, service marks and trade dress of Baskin-Robbins and requiring Ali to cease operation of the Baskin-Robbins Store immediately and de-identify the premises; and

(b) the entry of judgment against Ali in such amounts as are proved by the evidence under Counts I and II, plus pre-judgment and post-judgment interest; and

(c) the award of treble damages against Ali for his willful infringement of the Baskin-Robbins's Marks; and

(d) the award of all reasonable costs and attorney's fees incurred by Baskin-Robbins because of the unlawful acts of Ali; and

(e) such other and further relief as may be appropriate.

BASKIN-ROBBINS FRANCHISING, LLC

By: _____
       Of Counsel

Sandy T. Tucker (VA Bar No. 01290)
WILLIAMS MULLEN
200 South 10th Street
P.O. Box 1320
Richmond, Virginia 23218-1320
Phone: 804.420.6418
Fax:   804.420.6507
   Counsel for Plaintiff

26933512_1.DOC